UNITED STATES DISTRICT COURT
DISTRICT OF MSSACHUSETTS

In the Matter of the Complaint of          )
                                           )
LILY JEAN CORPORATION, as owner of         )          Civil Action No.:
the F/V LILY JEAN (O.N. 580932), a 72.1' fishing )
vessel, for Exoneration From, or Limitation of,  )          IN ADMIRALTY
Liability.                                 )

**VERIFIED COMPLAINT**

Plaintiff, Lily Jean Corporation ("LJC"), as owner of the F/V LILY JEAN (O.N.

580932), a 72.1' fishing vessel ("Vessel"), petitions this Honorable Court for Exoneration from

or Limitation of Liability pursuant to the Limitation of Shipowner's Liability Act, 46 U.S.C. §§

30501 through 30512, and Supplemental Rule F of the Federal Rules of Civil Procedure,

averring as follows:

**JURISDICTION**

1.  This is a Complaint for Exoneration from and/or Limitation of Liability pursuant to 46

    U.S.C. §§ 30501, *et seq.*, and Supplemental Admiralty Rule F.  This Court has admiralty

    and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil

    Procedure and 28 U.S.C. § 1333.

**VENUE**

2.  Venue is proper in the District of Massachusetts pursuant to Supplemental Rule F(9)

    because the Vessel is not within any district and no suit has been commenced in any

    district and as such the complaint may be filed in any district.  Further, LJC is a

    Massachusetts corporation, most of the witnesses are within the District, and the Vessel

    was home-ported within the District.

1

**PARTIES**

3. LJC is a Massachusetts Corporation with a principal office in Massachusetts.

4. LJC is the owner of the Vessel.

5. Accursio A. Sanfilippo ("Sanfilippo") was a Massachusetts resident.

6. Upon information and belief, Paul Beal, Sr. ("Beal, Sr."), was a Massachusetts resident.

7. Upon information and belief, Paul Beal, Jr. ("Beal, Jr."), was a Massachusetts resident.

8. Upon information and belief, Sean Therrien ("Therrien"), was a Massachusetts resident.

9. Upon information and belief, John Rousanidis ("Rousanidis"), was a Massachusetts resident.

10. Upon information and belief, Freeman Short ("Short"), was a Massachusetts resident.

11. Upon information and belief, Jada Samitt ("Samitt"), was a Massachusetts resident.

**STATEMENT OF FACTS**

12. On January 30, 2026, the Vessel departed the port of Gloucester, Massachusetts, on a fishing trip with Sanfilippo as captain and Beal, Sr, Beal, Jr., Therrien, Rousanidis, and Short as the crew and Samitt as the NOAA observer.

13. At all material times prior to its casualty, the Vessel, its appurtenances and crew were seaworthy, tight, staunch, strong and fit.

14. During the morning hours of January 30, 2026, Captain Sanfilippo communicated with various individuals, in essence stating that the Vessel was headed to Gloucester, Massachusetts, to unload its catch without any mention of any material problems with the Vessel.

15. At approximately 0650 hours on January 30, 2026, the Vessel's EPIRB emitted an emergency ping at a location in the Atlantic Ocean, approximately 25 nautical miles East

of Gloucester, Massachusetts, that was heard and recorded by the United States Coast Guard ("USCG").

16. The USCG undertook immediate and extensive efforts to locate the Vessel and crew. A debris field and an empty liferaft were sighted and the body of the captain recovered.

17. The USCG called off the rescue efforts on February 1, 2026, declaring the remaining crew lost at sea and presumed dead.

18. At all times material hereto, the Vessel and its appurtenances were operated and utilized in a seaworthy fashion by LJC.

19. The post-casualty value of the F/V LILY JEAN where she lies in approximately 250 feet of water in the Atlantic Ocean is $0.00. There was no freight pending at the time of the sinking.

20. The loss of the Vessel and any and all deaths, injuries, damages, and losses claimed to have resulted therefrom, were not caused or contributed to by any breach of applicable statutes or regulations, or any unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of the Vessel or LJC.

21. Alternatively, any breach of applicable statutes or regulations, or any unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of the Vessel or LJC that might have contributed to any and all alleged deaths, injuries, damages, and losses were occasioned and incurred without the privity or knowledge of LJC and/or were occasioned and incurred due to the fault of third-parties for which LJC is not responsible.

22. Rousanidis, through his counsel, has provided notices of claim by way of written communications dated February 4, 2026.

23. Pursuant to Supplemental Rule F(1), this Complaint is timely filed.

24. LJC does not know the total amount of the claims that may be made for deaths, injuries, damages, and losses that resulted from the sinking.

25. LJC expects that formal claims based on those deaths, injuries, damages, and losses will be presented in due course and that the total claims will exceed the limitation fund.

26. According to the Declaration of Michael Collyer, filed herewith, the Vessel is a total loss with a post-casualty value of $0.00.

## EXONERATION/LIMITATION

27. LJC seeks exoneration from liability for any and all deaths, injuries, damages, and losses of any kind arising from the loss of Vessel on the Atlantic Ocean on or about January 30, 2026, as well as any other claimed losses incurred by others that have been and/or may hereafter be made and avers that it has valid defenses on the facts and the law.

28. LJC alternatively seeks limitation of its liability pursuant to the Limitation of Shipowner's Liability Act, 46 U.S.C. § 30501 *et. seq.*, Supplemental Rule F, the various statutes amendatory thereof and supplementary thereto, and case law, and to that end it files herewith a Stipulation re: Security for costs equal to $1,000.00 for payment into Court as ordered.

## RELIEF SOUGHT

WHEREFORE Plaintiff, Lily Jean Corporation, requests the following relief:

1. The Court approve Plaintiff's Security for Costs ($1,000.00) in the total amount of $1,000.00, which represents (a) the zero value of the F/V LILY JEAN after the on-or-about January 30, 2026, sinking and (b) Plaintiff's obligation to give costs, in compliance with Supplemental Rule F(1) of the Federal Rules of Civil Procedure;

2.  That on approving that security, the Court enter an injunctive order pursuant to Supplemental Rule F(3) and 46 U.S.C. § 30511(c) ceasing and enjoining all lawsuits, causes of action, and claims against Plaintiff and its property arising from the on-or-about January 30, 2026, sinking, except in this civil action;

3.  That Plaintiff serves a copy of that injunctive order on the persons to be enjoined or their lawyer;

4.  That the Court enter an order directing the issuance of a Notice to claimants, pursuant to Supplemental Rule F(4);

5.  That the Court adjudge Plaintiff not liable for any and all deaths, injuries, damages, or losses arising from the sinking and other losses sustained but if Plaintiff is held liable in any part, its liability shall be limited at a maximum to the zero value of the F/V LILY JEAN after the on-or-about January 30, 2026, sinking, and that Plaintiff be discharged from any such liability upon the surrender of such interest, and that the money surrendered, secured, or to be paid as aforesaid be divided pro rata among such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that judgment may be entered discharging Plaintiff from all further liability; and

6.  That Plaintiff be provided such other and further relief as the Court may deem just and proper.

Respectfully submitted,
LILYJEAN CORPORATION,
By its counsel,

/s/ David S. Smith
David S. Smith
FARRELL SMITH O'CONNELL
AARSHEIM APRANS, LLP
27 Congress St., Suite 508
Salem, MA 01970
978-744-8918 (Tel)
978-666-0383 (Fax)
dsmith@fsofirm.com

Dated: February 26, 2026

## VERIFICATION

I, Lorie Sanfilippo, President of the Lily Jean Corporation being duly sworn depose and state: Lily Jean Corporation is the owner of the F/V LILY JEAN (O.N. 580932), a 72.1' fishing vessel. I have read the foregoing Complaint and know the contents thereof and the same are true of my own knowledge, except as to those matters therein stated on information and belief, and as to those matters, I believe it to be true. Pursuant to 28 USC §1746, I, Lorie Sanfilippo, declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of February, 2026.

Lily Jean Corporation
By: Lorie Sanfilippo
Its: President